UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DIANA WATSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DEACON CONSTRUCTION, LLC, a foreign limited liability company; and DOES 1 - 20,<br><br>Defendants. | NO.<br><br>**Notice of Removal of Civil Action Under 28 U.S.C. §§ 1332(D), 1441, 1446 & 1453 (Class Action Fairness Act)**<br><br>King County Superior Court Case No. 23-2-24901-1 SEA |

TO:             CLERK OF COURT

AND TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD

Defendant Deacon Construction, LLC ("Deacon") hereby gives notice that it is removing the above-captioned case, originally filed in the Superior Court for King County, Case No. 23-2-24901-1 SEA, to the United States District Court for the Western District of Washington. Deacon removes the case pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 on the grounds set below.

## I. INTRODUCTION

1. On December 21, 2023, Plaintiff, acting individually and on behalf of a purported class of persons she seeks to represent, served the Complaint and Summons on Deacon's registered agent. Pursuant to 28 U.S.C. § 1446(a), a copy of the proof of service and Summons

and Complaint is attached as Exhibit A. The documents that comprise Exhibit A constitute all process, pleadings, and orders served upon Deacon. *See* 28 U.S.C. § 1446(a). In accordance with L.R. W.D. Wash. 101(b), counsel for Deacon hereby verifies that these Exhibits, along with this Notice of Removal, are true and complete copies of all the records and proceedings filed in the state court in this matter. Deacon has, therefore, satisfied the requirements for removal under 28 U.S.C. § 1446 and all other applicable rules.

2. Pursuant to Local Rule 101(e), this case should be assigned to the Seattle Division because the case is removed from the King County Superior Court. Deacon reserves, and does not waive, any objections it may have to service, jurisdiction, or venue, and any and all other defenses or objections to this action.

3. Removal of this action is therefore timely because Providence filed this Notice of Removal within 30 days after the service of the Summons and Complaint. See U.S.C. § 1446(b); Fed. R. Civ. P. 6(a); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 347-48, 354-56 (1999) ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

4. The removal of this action terminates proceedings in the King County Superior Court. *Id*.

5. Based on the allegations in Plaintiff's Complaint and facts known to Deacon, this Court has subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) because: (i) the matter in controversy exceeds $5,000,000, 28 U.S.C. § 1332(d)(2); (ii) it is a putative class action as that term is defined in § 1332(d)(1)(B); (iii) Plaintiff is a citizen of

a state different from Deacon, § 1332(d)(2)(A); (iv) no named defendant is a citizen of Washington, the state in which the Action was originally filed, § 1332(d)(3)-(4); and (v) the jurisdictional exceptions contained in §§ 1332(d)(5) and (9) do not apply.

## II. PROPOSED CLASS ACTION

6. Plaintiff brings this case as a proposed class action, Compl. ¶¶ 19 – 26, (Ex. A), and they appear to seek certification of the putative class under Washington Rules of Civil Procedure 23(a) and (b)(3) (*id*. ¶¶ 19). Therefore, this action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative person as a class action."

## III. THERE IS MINIMAL DIVERSITY BETWEEN PLAINTIFF AND DEACON

7. Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." Such diversity exists among the parties here.

8. As alleged in the Complaint, Plaintiff is a resident of Washington. Compl. ¶8. Plaintiff seeks to represent a class defined as follows:

> *All individuals who, from January 1, 2023 through the date notice is provided to the Class, applied for a job opening in the State of Washington with Defendant, where the job posting did not disclose the wage scale or salary range for the position.*

9. Deacon is an Oregon limited liability company with its corporate headquarters and principal place of business in Portland, Oregon.[1] Plaintiff acknowledges Deacon is a "foreign limited liability company." Compl. ¶9. Deacon's entity status on file with, and publicly

---

[1] Deacon asks the Court to take judicial notice of Exhibit B, consisting of Deacon's Foreign Registration Statement and 2023 Annual Report with the Washington Secretary of State, which show Deacon is an Oregon corporation with its principal place of business and mailing address in Portland, Oregon.

available from, the Washington Secretary of State "is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). In the context of removal, Courts have taken judicial notice of a corporation's entity status from review of its corporate documents. *See e.g., Hester v. NDEX W. LLC*, 2016 WL 7167898, at *3 n.2 (C.D. Cal. Dec. 7, 2016) (taking judicial notice of articles of incorporation when considering notice of removal), *Ham v. Cont'l Ins. Co.*, 2008 WL 4287563, at *2 (N.D. Cal. Sept. 17, 2008) (granting request for judicial notice of articles of incorporation in removal);

10. Plaintiff alleges potential unknown defendants (potentially "individual, corporate, associate, or otherwise") and names them under fictitious names Does 1 – 20. Compl. ¶10. Plaintiff does not identify the potential citizenship of these fictitious defendants. Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.*, 615 F. 2d 1209, 1213 (9th Cir. 1980) ("[U]known defendants sued as "Does" need not be joined in a removal petition."). Thus, Doe Defendants 1 – 20, inclusive (Compl., ¶ 10), do not deprive this Court of jurisdiction.

11. Accordingly, minimal diversity exists between (i) Plaintiff and the putative classes she seeks to represent and (ii) Deacon, thereby satisfying the requirement of minimal diversity under 28 U.S.C. § 1332(d)(2)(A).

### IV. THE PUTATIVE CLASS NUMBERS NOT LESS THAN 100

12. The number of members of the class that Plaintiff proposes is not less than 100 persons. See 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges that there are "potentially hundreds" of putative class members. Compl. ¶ 21.

13. Deacon's records indicate, moreover, that it received five-hundred and ninety one applicants (591) for positions in Washington from the period from January 1, 2023 through present. Wade Decl., ¶3.

14. Accordingly, the numerosity requirement of 28 U.S.C. § 1332(d)(5)(B) is satisfied.

## V.  THE AMOUNT IN CONTROVERSY IS OVER $5,000,000

15. While Deacon denies any liability as to Plaintiff's claims, the amount in controversy as alleged in the Complaint exceeds $5,000,000, as required for removal under CAFA. Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6). Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Sen. Jud. Comm. Rep., S. REP. 109-14, at 42.

16. Moreover, any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case .... Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."). This is an "action in which the matter of controversy exceeds the sum or value of $5,000,000." *Id*. § 1332(d)(2).

Notice of Removal of Civil Action Under 28 U.S.C. §§ 1332(D), 1441, 1446 & 1453 (Class Action Fairness Act) - 5
()

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600

17. Plaintiffs do not allege a specific amount in controversy. As a result, Deacon need only "make a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operation Co. v. Owens*, 574 U.S. 81, 89 (2014). To be sure, a removing defendant is entitled to—and often must—rely on a "chain of reasoning that includes assumptions" to satisfy its burden of proving by a preponderance of the evidence that the jurisdictional minimum amount is met. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015). And reasonable assumptions are necessary; "[a] CAFA defendant's amount in controversy assumptions in support of removal will always be just that: assumptions." *Jauregui v. Roadrunner Transp. Servs., Inc.,* 28 F.4th 989, 993 (9th Cir. 2022). As the Ninth Circuit has recently stated, it is improper for a Court to order "an inappropriate demand of certitude from [defendants] over [their] assumptions used in calculating the amount in controversy," particularly given that removal occurs at "a stage of the litigation before any of the disputes over key facts have been resolved." *Jauregui,* 28 F.4th at 992–93. This includes making "some kind of assumption about how many of [the putative class] are entitled to a certain kind of relief." *Jauregui,* 28 F.4th at 993. In other words, "the parties need not predict the trier of fact's eventual award with one hundred percent accuracy." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

18. Here, the Complaint alleges that Plaintiff and each of the "hundreds" of potential class members are entitled to recover damages for each of Deacon's violations of Washington's Equal Pay and Opportunities Act ("EPOA"), RCW 49.58 *et seq.* The EPOA provides a private right of action for actual damages, statutory damages equal to the actual damages or $5,000.00, interest on compensation owed, and costs and reasonable attorneys' fees. *See* RCW 49.58.070.

19. First, there is no need to calculate an "average" amount of damages per putative class member given that the statute itself sets a minimum $5000 statutory penalty per "job applicant," however the Court may eventually interpret that phrase's meaning.

20. With at least 591 individual applicants, there is a floor of statutory damages of **$2,955,000.00**, assuming the Court interprets the EPOA to provide statutory damages *per individual*, rather than *per application*. Should the Court adopt the latter interpretation, this figure could rise significantly assuming applicants applied for more than one job over the course of the year.

21. In addition, Plaintiff's request for attorneys' fees is properly included in determining the amount in controversy. *See, e.g.*, *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (concluding that a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met). The EPOA authorizes the recovery of costs and reasonable attorneys' fees in connection with alleged violations of the act. RCW 49.58.070. For purposes of removal, the Ninth Circuit has held that a 25 percent recovery is the "benchmark" level for reasonable attorneys' fees in class action cases. *See Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013) (citation omitted).

22. Using the benchmark of 25% of total recovery, attorneys' fees on Plaintiff's claims could be as high as **$738,750.00** (assuming a damages floor of $2,955,000.00 x 25%). This figure is reasonable, given Plaintiff's counsel Timothy Emery in June 2023 submitted a declaration in support of a attorneys' fees award in class action settlement in King County Superior Court case which stated his hourly rate is $725. Leake Decl., Ex. 1. This results in a total of **$3,693,750.00**, which does not include any costs of litigation.

23. If this were all, of course, it would be insufficient to meet the damages threshold under CAFA of $5,000,000.00. Plaintiff pleads not just statutory damages equal to actual damages or $5,000, whichever is greater, but also seeks pursuant to RCW 49.58.070(1), actual damages, injunctive and declaratory relief. Compl, at Prayer for Relief.

24. To reach the damages threshold, actual damages per class member would have to equal only to **$2,210.24**. This number is calculated by subtracting $3,693,750.00 (the minimum statutory damages, $2,995,000, plus attorneys' fees, $738,750) from $5,000,000.00 and dividing it by the 591 applicants. Of course, some applicants would likely have higher actual damages, and some would have lower. If any applicant had actual damages in excess of $5,000.00, their statutory damages would be equal to that plus actual damages plus attorneys fees. This all makes for a difficult calculation, which is why reasonable assumptions are critical at this point in the litigation. *Jauregui,* 28 F.4th at 993. It would be reversible error to demand any more certitude than this at this point, and Deacon need not predict with any more precision what the trier of facts ultimately may award at this time. *Jauregui,* 28 F.4th at 992–93, *Valdez* 372 F.3d at 1117. Assuming $2,210.24 per applicant - $5,000.00 per applicant in actual damages, this results in a range of actual damages from **$1,306,251.84 - $2,995,000.00**. This calculation does not include the interest which is recoverable under RCW 49.58.070(1).

25. Attorneys' fees would also be available on actual damages. With a reasonable range of $2,210.24 per applicant - $5,000.00 per applicant, this would result in attorneys' fees ranging from **$1,632,814.80** ($1,306,251.84 actual damages x 25%) – **$3,743,750.00** (2,995,000.00 actual damages x 25%).

26. In sum, Deacon has plausibly explained how even with actual damages as low as half the statutory damages awarded under RCW 49.58.070(1) the threshold is met, consisting of the following:

- Minimum Statutory Damages:              $2,995,000.00.
- Minimum Statutory Damages Attorneys' Fees: $738,750.00.
- Actual Damages of $2,210.24 - $5,000.00:    $1,306,251.84 - $2,995,000.
- Attorneys' Fees on Actual Damages Range:    $326,562.96 - $738,750.00.
- TOTAL:                                  **$5,326,564.80 - $7,467,500.00.**

27. Plaintiff also seeks declaratory and injunctive relief. Compl. at Prayer for Relief. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Com'n*, 432 U.S. 333, 347 (1977). Accordingly, the amount in controversy here must also include the value of declaratory and injunctive relief. Stated another way, though the injunctive relief sought is simply compliance with the statute, the courts have recognized there is inherent value to injunctive and declaratory relief which must be factored into an assessment of damages.

28. "[O]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, … then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010). Deacon has plausibly put forth evidence showing damages in this case exceed $5,000,000, and it is not a legal impossibility for damages to exceed that amount. Removal is proper.

## VI. CONCLUSION

29. Based on the foregoing, Deacon hereby removes this action from the Superior Court of the State of Washington for the County of King to the United States District Court for the Western District of Washington.

DATED this 18th day of January 2024.

*s/Sheryl J. Willert*
Sheryl J. Willert, WSBA #8617
Sean D. Leake, WSBA #52658
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
swillert@williamskastner.com
sleake@williamskastner.com
*Attorneys for Defendant Deacon Construction, LLC*

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the State of Washington that on the date below, I caused a true and correct copy of the foregoing document to be delivered to the following parties in the manner indicated:

Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Emery Reddy, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com

☒ Via electronic mail
☒ Via CM/ECF Eservice
☐ Via Legal Messenger
☐ Via Facsimile

*Attorneys for Plaintiff and the Class*

DATED this 18th day of January 2024.

*s/ Maria Tokatjian*
Maria Tokatjian, Legal Assistant
Email: mtokatjian@williamskastner.com

---

Notice of Removal of Civil Action Under 28 U.S.C. §§ 1332(D), 1441, 1446 & 1453 (Class Action Fairness Act) - 11
()

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
(206) 628-6600